JONES, Justice:
Appellants filed a bill of complaint in the Chancery Court of Forrest County against appellees, W. G. Shotts, Preston Stinson, their agents, servants and employees, to enjoin the cutting of certain timber.
The parties hereto had entered into a timber contract evidenced by deed whereby appellants sold to appellees timber, ten inches and larger in diameter, at a point five inches from the ground. The contract provided that the timber should be cut and *725 removed not later than May 1, 1971. It gave the purchasers full license to enter upon the lands until May 1, 1971. The contract also provided that the purchaser should cut and remove the timber in a proper, customary, and workmanlike manner, with the appellees doing as little damage as possible to the property of the owners; and that the purchasers should make compensation for any damages done in cutting.
On December 5, 1970, appellants filed a bill alleging the making of the agreement and charging that the appellees had wrongfully breached it and had cut and were continuing to cut trees less than ten inches in diameter and were also damaging the lands. The bill prayed that a temporary injunction, without notice, ordering the defendants to “cease their operations on the land of the complainants” be issued; that on the final hearing the temporary injunction be made permanent; and that “defendants be permanently barred from the land of the complainants.” On this petition, a temporary injunction was issued as requested. The defendants were enjoined from entering upon the land and from cutting and removing any timber.
On December 10, 1970, defendants filed a demurrer to the bill. On the same day, defendants filed a motion to dissolve the preliminary injunction, alleging that it was void because of an invalid bond and also because of the grounds alleged in the demurrer.
On December 16, an order was entered, sustaining the demurrer and dissolving the preliminary injunction. The chancellor, by order, granted an appeal with supersedeas to this Court; and the case is now here before us.
We reverse and remand.
The demurrer admitted all facts well pled and thus admitted the cutting by appellees of timber not sold nor contracted to be sold. If the complaint stated any cause of action the demurrer was not to be sustained. The complaint stated cause of action for the cutting of timber not included in the contract — to-wit: timber, smaller than ten inches.
The appellants were entitled to enjoin such cutting.
The injunction should not have been dissolved, nor should the demurrer have been sustained and the bill dismissed.
The injunction was too broad when it prohibited the appellees from even going upon the land and getting what they had purchased. The appellants were entitled to an injunction to prohibit the unnecessary cutting of timber less than ten inches in diameter, and they were entitled to an injunction to prevent appellees from carrying on their operations in violation of, or contrary to, the manner provided by the contract.
We are reversing and remanding the case because of the error committed in sustaining the demurrer and dismissing the bill, but the injunction should be modified on motion therefor.
We further hold that on remand of the case, the time during which appellees have been under injunction shall not be considered in figuring the expiration of the contract but the time for completion of said contract is extended for an additional period from May 1, 1971, equivalent to the time the injunction is in existence as granted and until modified.
Reversed and remanded.
GILLESPIE, P. J., and BRADY, IN-ZER and SUGG, JJ., concur.